OPINION OF THE COURT
Beverly S. Cohen, J.
In this holdover proceeding petitioner has moved for summary judgment and the respondent has cross-moved for summary judgment.
This proceeding was commenced after the expiration of a 30-day notice purporting to terminate the tenancy of the respondent. The petitioner alleges that the apartment is not subject to either rent control or rent stabilization. The respondent alleges that the apartment is subject to controls or in the alternative that he is a subtenant of John Foreman and further that because of allegations in prior proceedings, petitioner should now be collaterally estopped from now claiming that the apartment is decontrolled.
The main issue before this court is the effect of J51 tax abatements on the rental status of the resulting apartment.
FACTS
The subject premises, 143 West 81st Street, New York, New York, were substantially renovated as the result of a *221 gut renovation and converted to five class A dwelling units after July 1,1970 and prior to January 1,1976. As a result of this renovation, the petitioner applied for and received tax abatement pursuant to section J51-2.5 of the Administrative Code of the City of New York, as amended by Local Law No. 9 of 1971 of City of New York. This law was effective January 22, 1971, and provided for the granting of tax abatements on the condition that the premises be subject to the Rent and Eviction Regulations of the City of New York, i.e., rent control.
Effective June 30, .1971, the State of New York enacted chapter 371 of the Laws of 1971 which provides for decontrol of apartments vacated after June 30, 1971.
After the premises were rehabilitated and renovations were completed on March 1, 1971, and the certificate of occupancy was issued on March 1, 1971, the landlord filed for and received first rentals on four of the five apartments. Section J51-2.5 (subd d, par [2]) of the Administrative Code of the City of New York provides that an apartment in premises receiving tax abatement under that program be rented at no higher than such amount as may be set by the city rent agency. The fifth apartment, the subject of this proceeding, was at the time, occupied by John Foreman, the president of the corporation that owned and still owns the building. For this reason the rent commissioner declined to set first rents based on that occupancy. The order of rent commissioner stated: “After consideration of all the evidence in the record, the District Rent Director finds that subject unit is owner-occupied. Landlord may refile when apartment is rented to a paying tenant.” No appeal was taken from this order.
John Foreman lived in the apartment from 1971 through September, 1977. In September, 1977, John Foreman entered into a six-year lease with the corporation and then vacated the apartment.
In October of 1977, the respondent signed a two-year lease with John Foreman as landlord and moved into the apartment. In 1979 the respondent renewed the lease. In the interim, in October of 1977, John Foreman surrendered his lease with the corporation. Respondent Hay paid rent to the corporation.
*222 After the expiration of the renewal lease on October 31, 1980, the petitioner commenced the within holdover proceeding.
DECISION RENT CONTROL
When John Foreman moved out of the apartment, in September, 1977, there was no vacancy within the definition of the Office of Rent Control. The Office, of Rent Control had determined that he was not a first tenant because of his close connection with the corporation and had not accepted that apartment for a first rental determination. Therefore, when John Foreman moved from the premises there was no vacancy decontrol. When the next tenant, respondent, moved in, during the running of the J51 tax abatement, that tenant was the first tenant and thus entitled to the benefits of rent control.
To hold otherwise would be inconsistent with the clear legislative intent that, in return for J51 tax abatement benefits, the community is to receive the benefit of at least one-time rent-controlled space.
Accordingly, petitioner’s motion for summary judgment is denied and respondent is granted summary judgment dismissing the petition.
RENT STABILIZATION
In the alternative, respondent had alleged that the apartment is subject to rent stabilization. In order for an apartment to be controlled by rent stabilization there must be six or more apartments or fit within the later J51 laws. Since there are only five apartments herein and the petition did not apply or receive J51 treatment subsequent to 1976, the building is not controlled by rent stabilization.
SUBTENANCY
Respondent has also alleged that he is a subtenant of John Foreman. The respondent here is not the subtenant of John Foreman. John Foreman released his prime tenancy in 1977. Consequently, the subtenancy fails.
By respondent paying rent continuously to the corporation and the acceptance of rent by the corporation, respondent must be deemed a tenant of the corporation.
*223 COLLATERAL ESTOPPEL
Respondent’s motion for summary judgment based on collateral estoppel is not reached because respondent has been granted summary judgment on other grounds.